# IN THE COURT OF APPEALS OF IOWA

No. 16-0864
Filed August 17, 2016

**IN THE INTEREST OF A.R. and O.R.,**
**Minor Children,**

**C.S., Mother,**
 Appellant.

_____

 Appeal from the Iowa District Court for Dallas County, Virginia Cobb, District Associate Judge.

 A mother appeals from the permanency review order determining the permanency goal was a relative placement. **AFFIRMED.**

 Gina E. Verdoorn of Sporer & Flanagan, P.L.L.C., Des Moines, for appellant mother.

 Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

 Kayla A.J. Stratton of the Juvenile Public Defender, Des Moines, for minor children.

 Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

A mother appeals from the permanency-review order determining the permanency goal in these juvenile proceedings is for her children, A.R., born in 2004, and O.R., born in 2006, to be placed in the guardianship and custody of their maternal grandfather. She contends it is in the children's best interest to be returned to her care and she is an adequate parent. Upon our de novo review of this family's long history with services and the children's need for stability and permanency, we find no reason to disturb the juvenile court's decision.

The mother has battled substance abuse issues for many years. The department of human services (DHS) has investigated and found the mother to have denied critical care to her children a number of times (in 2005, 2006, 2008, and 2009). The children have been removed from their mother's care at least four times. Trial home visits have not been successful for the long term.

In November 2013, the mother's oldest child, E.M., born in 2000, was hospitalized as a result of inadequate medical treatment for his diabetes. Again, the mother was found to have provided inadequate supervision, and the children were removed from her care. On January 21, 2014, the children were found to be children in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2) (2013) ("The failure of the child's parent . . . to exercise a reasonable degree of care in supervising the child."). A dispositional order continued out-of-home placement in foster care.

On November 5, 2014, the juvenile court entered a permanency order granting the mother an extension of six months to achieve reunification. The court found the "family is cooperating with services and the children are likely to

be returned within [six] months." The children were returned to the mother's care on December 31, 2014, with supervision remaining with DHS. The mother was to continue to provide negative drug screens and engage with services for herself and the children. A family team meeting in February 2015 included a discussion of closing the case. A March 27, 2015 DHS case progress report indicated the mother

> provides random drug screens as requested and provided a clean UA this reporting period. [The mother] reports she graduated from treatment at Zion [for] addressing her substance abuse needs. The family is no longer attending family therapy at Mid-Iowa and has been discharged. The children continue to do well in [the mother's] care.

On April 14, 2015, the juvenile court entered a permanency review order finding,

> [E.M.] is having some problems with school attendance and has been charged with possession of drug paraphernalia; [A.R.] appears to be doing well other than school attendance; [O.R.] is having some struggles with peers at school; [A.R.] and [O.R.] have had some school attendance issues; the children's mother has completed substance abuse treatment but DHS has some concerns that she may be exercising poor judgment at times.

The court concluded its involvement was still required and the children remained CINA.

On May 11, 2015, the State applied to modify the children's placement, asserting:

> [A] known methamphetamine and marijuana user has been staying at the family home with the consent of the mother; that this individual was found hiding in a closet when he was arrested for a probation violation; that the children have not been attending school regularly; that the mother has missed drug screens.

In June and July 2015, the mother tested positive for methamphetamine. She denied any use of methamphetamine.[1] The children were removed from her care by court order once again and, in August 2015, were placed with their maternal grandfather.

A permanency review order entered on October 23, 2015, continued out-of-home placement of the children.[2] The court observed the mother was no longer participating in services and was not attending substance-abuse support groups. She also had not obtained employment. The juvenile court determined "that the primary permanency goal for the children is relative placement." Guardianship and custody of A.R. and O.R. were placed with their maternal grandfather, who resides in Minnesota. The mother did not appeal from that ruling.

An April 2016 psychosocial evaluation was conducted after the mother's mental health provider expressed concerns about her intellectual abilities and her possible need for vocational rehabilitation services. The evaluation report indicates the mother's intellectual functioning is "at the lower end of the 'low average' range." The report also indicates the mother may have reasoning difficulties in stressful or demanding situations.

At the April 11, 2016 permanency review hearing DHS reported the children's school attendance improved greatly in their grandfather's care. They have daily phone contact and weekend visits with their mother because their

---

[1] The mother consistently tests positive for amphetamine but takes a medication for ADHD that can test as amphetamine.
[2] The State had requested that E.M. be placed in the custody of the delinquency court, which apparently occurred.

grandfather drives them to see her on weekends.  The mother is allowed semi-supervised daytime contact with the children and fully-supervised overnight contact.  The mother testified she wished to have the children returned and that she had done all that had been requested of her.  She also testified E.M., almost sixteen years old, would be returning from a group home at the end of the summer.  She acknowledged that while she is able to care for the children when she sees them on the weekend, conditions would be different if she had all three children in her care full time.  She believed she could do so.  The guardian ad litem agreed with the DHS recommendation that the children remain in their grandfather's custody and care under a guardianship.

On May 3, 2016, the juvenile court entered two orders: the first, a permanency review order in which it found the children were doing well with their grandfather, and the mother continued to be unable to provide a stable home for herself and her children and lacked the ability to parent consistently.  The court found further that "the primary permanency goal for the children is relative placement with grandfather, who should be made the children's guardian."  The second order transferred guardianship jurisdiction to the probate court.

We review a permanency order de novo.  *In re K.C.*, 660 N.W.2d 29, 32 (Iowa 2003).  We give weight to the juvenile court's factual findings, but we are not bound by them.  *Id.*

Because we agree with the juvenile court's findings and conclusions, and because we further conclude these children need and deserve permanency after these many years of uncertainty, we affirm.  Further discussion is unnecessary.

**AFFIRMED.**